**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-7681-JFW(RAOx)** | Date: November 1, 2022 |
| Title: | Jeannine Perez -v- FCA US LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On October 20, 2022, Plaintiff Jeannine Perez ("Plaintiff") filed a Complaint in this Court against Defendant FCA US LLC ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . .'").

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). A limited liability company is a citizen of every state of which its members are citizens. *See*, *e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). In this case, Defendant is a limited liability company, but Plaintiff fails to allege who any of Defendant's members are or the citizenship of those members. In addition, Plaintiff alleges that she is a resident of Los Angeles County, California. With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff has failed to establish that complete diversity exists. As a result, Plaintiff has failed to establish that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §

1332(a).

      Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **November 4, 2022**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **November 4, 2022**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

      IT IS SO ORDERED.